UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JAY R. GOLDBERG,

    Plaintiff,

v.

KEVIN E. YOUNG, ESQ.,

    Defendant.

Civil Action No. 17-2468 (MAS) (LHG)

**MEMORANDUM OPINION**

    Plaintiff is proceeding, in forma pauperis, with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is asserting a single claim against a single defendant. Plaintiff alleges that Kevin E. Young, Esq., his defense attorney in an unspecified criminal proceeding, provided ineffective assistance of counsel. (Compl. 5, ECF No. 1.) At this time, the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2).

    Although Plaintiff filed a civil rights complaint, he asserts no civil rights claims. § 1983 permits suits for alleged constitutional deprivations committed or caused by a person acting under color of state law. 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Morrow v. Balaski*, 719 F.3d 160, 165-66 (3d Cir. 2013). Neither public defenders nor private attorneys, however, are state actors liable under § 1983 because they are not persons acting under the color of law. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("[T]he relationship between a defendant and the public defender representing him is identical to that existing between any other lawyer and client. Unlike a prosecutor or the court, assigned counsel ordinarily is not

considered a state actor.") (citation and quotation omitted); *Rieco v. Hebe*, No. 15-2323, 2015 WL 9583987, at *2 (3d Cir. Dec. 31, 2015) ("[P]ublic defenders are generally not considered state actors for § 1983 purposes when acting in their capacities as attorneys.") (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 113 (3d Cir. 2014) (A "private defense attorney cannot be construed as a person acting under the 'color of state law' within the meaning of § 1983.") (citing *Polk Cty.*, 454 U.S. at 317-25); *Bullock v. Sloane Toyota Inc.*, 415 F. App'x 386, 389 (3d Cir. 2011) (finding a private attorney not liable under § 1983 because the plaintiff did not set forth any facts to demonstrate that her attorney was a state actor or acted under color of state law). As such, the Complaint asserts no cognizable § 1983 claim. To the extent Plaintiff may be attempting to assert a state-law malpractice claim, this Court has no jurisdiction over such claim absent a related federal claim. *See* 28 U.S.C. § 1367; *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017). Accordingly, the Court finds that the Complaint fails to state a claim upon which relief may be granted, and the Complaint is dismissed with prejudice. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002).

                                                               /s/ Michael A. Shipp
                                                              **MICHAEL A. SHIPP**
                                                              **UNITED STATES DISTRICT JUDGE**

Date: 8/11/17